UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

COURT FILE NO.:

| | |
|---|---|
| ALIK VEYTSMAN,<br><br>       Plaintiff,<br>v.<br><br>GEM RECOVERY SYSTEMS, LLC<br><br>       Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business in this District.

## PARTIES

4. Plaintiff, Alik Veytsman, is a natural person who resides in Fair Lawn, County of Bergen, State of New Jersey, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Gem Recovery Systems, LLC (hereinafter "Gem" or "Defendant") is a collection agency operating from an office located at 99 Kinderkamack Road,

Suite #308, Westwood, NJ 07675 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

### A. Debt

6. Sometime in 2005 Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

8. On October 3, 2005, Plaintiff filed Chapter 13 Bankruptcy petition with the Bankruptcy Court for the District of New Jersey which was converted to Chapter 7 on October 30, 2006.

9. On February 2, 2007, Plaintiff was granted a discharge under section 727 of title 11, United States Code which discharged all debts owed on the date of conversion to Ch 7, including the debt which Gem attempted to collect.

10. Defendant attempted to collect the Debt and, as such engaged in "communications" as that term is defined in 15 U.S.C. § 1692a(2).

### B. Defendant Engages in Harassment and Abusive Tactics.

11. Sometime in 2009, Defendant, through its agents/employees began to repeatedly call Plaintiff's phone number;

12. On September 7, 2010, GEM, in an attempt to collect a consumer debt, sent the Plaintiff a collection letter concerning a debt that was allegedly owed in the amount of $409.50.  A true and correct copy of the notice from GEM to Plaintiff is attached hereto as Exhibit "B".

13. The collection notice from GEM demands payment arrangements by the consumer and states:

    "*To prevent our report of your delinquent debt to the credit bureau and the derogatory credit rating, and to prevent the account from being considered **for referral to our attorney for legal review**, remit your payment to Gem Recovery Systems **immediately.**"*  (Emphasis added);

14. The statements in and import of the letter to the consumer is that unless payment arrangements are made **immediately**, the consumer should expect the matter to be referred to Gem's attorney. The statements in the letter are false and misleading. Failure to respond immediately would not (and did not) result in a legal suit being filed for collection nor was the case referred to Gem's attorney to continue collection.

15. The statements in the collection notice were designed to coerce and intimidate the consumer into prompt payment by false threat and false sense of urgency.

16. The collection notice constituted a false statement or implication that referral to Gem's attorney and legal action is imminent attorney is imminent.

17. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continuous to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.

21. Defendant's conduct violated 15 U.S.C. § 1692d(10) in that Defendant employed false and deceptive means to collect a debt.

22. Defendant's conduct violated 15 U.S.C. § 1692 (F) in that Defendant used unfair or unconscionable means to collect or attempt to collect a debt.

23. Defendant's conduct violated 15 U.S.C. § 1692(d)(5) in that Defendant caused the phone to ring and engaged Plaintiff in telephone conversations repeatedly.

24. Collecting amount not authorized by agreement or expressly not permitted by law in violation of 15 U.S.C. § 1692(f)(1)

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

                                                     Respectfully submitted,

Dated: November 23, 2010                /s/ Stanley Smotritsky

                                                ----------------------------------------
Stanley Smotritsky, Esq.
SMOTRITSKY & SPEKTOR, PLLC
Attorneys for Plaintiff
1928 Kings Highway, 3rd Floor
Brooklyn, New York 11229
Telephone: (718) 554-3630
Facsimile: (718) 679-9196
stan@srlawonline.com